IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TELETIA R. TAYLOR, )
 )
      Plaintiff, )
 )
v. ) 1:11-CV-471
 )
OAK FOREST HEALTH AND )
REHABILITATION, LLC, et al., )
 )
      Defendants. )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

    This matter is before the Court on defense motions to dismiss the Second Amended Complaint and to strike certain aspects of the Second Amended Complaint. (Docs. 34, 36, 38, 40.) Because the plaintiff has included non-ERISA claims in the Second Amended Complaint which have either already been dismissed or were not permitted by the Court's Order allowing her to file an amended complaint, these non-ERISA claims must be dismissed. Some of the plaintiff's ERISA claims will be dismissed because they are not authorized by statute, but her ERISA claims set forth in Claims Nine, Eleven, and Thirteen may, for the most part, proceed. Finally, the motions to strike plaintiff's request for punitive damages, extra-contractual damages, attorneys' fees, and a jury trial are granted.

    According to the allegations made in the Second Amended Complaint, the plaintiff, Teletia R. Taylor, was hired by defendant Oak Forest Health and Rehabilitation, LLC as a Certified Nursing Assistant on or about March 10, 2010. (Doc. 32 at ¶ 13.) Ms. Taylor enrolled in health insurance coverage under a plan with defendant United Healthcare Insurance Company, and premium payments on this policy were deducted from her paycheck through June 2, 2010.

(*Id.* at ¶¶ 14, 21.)  On May 28, 2010, Ms. Taylor was involved in a car accident and was severely injured.  (*Id.* at ¶ 23.)  While in the hospital, Ms. Taylor learned that her health insurance had been cancelled.  (*Id.* at ¶ 28.)  Despite this, employees of defendants Oak Forest and Ardent Health and Rehabilitation Company, a related business entity, led her to believe her injuries could or likely would be covered by insurance.  (*Id.* at ¶¶ 32, 38.)  Nonetheless, on July 16, 2010, Ms. Taylor received an unsigned letter from Oak Forest that included a check for an "insurance adjustment" which was intended to reimburse her for erroneous deductions for health insurance during two pay periods.  (*Id.* at ¶ 35.)  United Healthcare has not paid any of her medical bills.  (*Id.* at ¶ 49.)  Ms. Taylor did not pursue administrative relief regarding her claim, and she alleges both that she believed her injuries would be covered and that she believed any administrative appeal would be futile.  (*Id.* at ¶¶ 40, 43.)

Ms. Taylor has brought suit against Oak Forest, Ardent, Beystone Health and Rehabilitation Company, Sanstone Health and Rehabilitation, and United Healthcare, alleging state law claims.  The defendants filed motions to dismiss, (Docs. 8, 10), which the Court granted based on ERISA preemption.  (Doc. 31 at 1-2.)  The Court also granted motions to strike the pleading entitled First Amended Complaint.  (*Id.*)  The Court granted Ms. Taylor leave to amend to assert ERISA claims, and she has now filed her Second Amended Complaint.  (*See* Doc. 32.)  The defendants seek dismissal of all of Ms. Taylor's claims in the Second Amended Complaint.

### I.  The Motions to Dismiss

The Second Amended Complaint includes a detailed and thorough statement of the facts surrounding Ms. Taylor's claims.  She lays out her causes of action in numbered claims, and the Court will reference her causes of action by these claim numbers for convenience and clarity.

2

### A. State law claims (Claims One through Eight)

Claims One, Three, Four, Five, Six, Seven, and Eight of the Second Amended Complaint are barred by the law of the case doctrine. These claims are identical to the state law claims dismissed by the February 27, 2013, order as pre-empted by ERISA. (*See* Doc. 31.) The law of the case doctrine establishes that these claims cannot be re-litigated. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815-816 (1988); *U.S. v. Quality Built Constr.*, 358 F. Supp. 2d 487, 490 (E.D.N.C. 2005). In any event, and in the alternative, the Court concludes that these state law claims continue to be pre-empted by ERISA.

Claim Two is a state law claim for breach of contract which was not set forth in the original complaint. (*See* Doc. 4; Doc. 32 at ¶¶ 66-71.) This claim is barred by the February 27, 2013, order, which only allowed Ms. Taylor to file an amended complaint containing ERISA claims. (*See* Doc. 31 at 2.) In addition, Claim Two is preempted by ERISA as a matter of law. *See* 29 U.S.C. § 1144(a).

### B. ERISA claims (Claims Nine, Ten, Eleven, and Thirteen)

#### 1. Failure to Exhaust

Claims Nine, Ten, Eleven, and Thirteen assert various causes of action under ERISA. The defendants contend that these claims should be dismissed because Ms. Taylor failed to exhaust the administrative remedies available under her insurance plan. Ms. Taylor acknowledges that she did not fully pursue administrative remedies, (Doc. 32 at ¶ 43), but argues that exceptions to the exhaustion requirement apply.

ERISA does not contain an explicit requirement that the participant exhaust plan remedies before pursuing legal recourse. *Smith v. Sydnor*, 184 F.3d 356, 361 (4th Cir. 1999). However, the statute mandates that benefit plans include an internal administrative appeal

3

process, 29 U.S.C. § 1133(2), and courts have consistently required administrative exhaustion as a prerequisite for an ERISA claim. *White v. Sun Life Assur. Co. of Canada*, 488 F.3d 240, 247 (4th Cir. 2007) ("[A]lthough ERISA does not explicitly state that claimants must exhaust internal appeals before filing suit, courts have universally found an exhaustion requirement in part because statutory text and structure establish these twin remedies of administrative and judicial review as parts of a single scheme."); *see, e.g.*, *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005); *Makar v. Health Care Corp. of the Mid-Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989).

The Fourth Circuit has recognized a futility exception, and Ms. Taylor contends it applies in this case. Futility requires a "clear and positive" showing that an administrative appeal would be unsuccessful. *See Makar*, 872 F.2d at 83 ("[B]are allegations of futility are no substitute for the 'clear and positive' showing of futility . . . ."). Cases where futility has been recognized as an exception include circumstances where the defendant insurance company failed to respond to three prior appeals, *O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 731 (E.D. Va. 1998), or refused to provide copies of insurance plan documents and informed plaintiff that its decision was "final and irrevocable," *Nessell v. Crown Life Ins. Co.*, 92 F. Supp. 2d 523, 529 (E.D. Va. 2000).

In the alternative, Ms. Taylor points out that other courts have held that a lack of notice regarding the administrative process can constitute an exception to the exhaustion requirement and argues that this exception should be applied. (Doc. 47 at 4.) Ms. Taylor's complaint is quite detailed about the contacts and conversations she had with various defendants, and it appears that no one ever provided her with a copy of the policy, sent her an explanation of benefits or similar form, or informed Ms. Taylor that she had any appeal rights. (Doc. 32 at ¶¶ 32-34, 36, 38-41.)

4

The Eighth Circuit has refused to require exhaustion in circumstances where the failure to notify violated the statutory provisions of ERISA or contradicted the terms of the policy. *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003) (holding failure to inform plaintiff of internal remedy violated 29 U.S.C. § 1022); *Conley v. Pitney Bowes*, 34 F.3d 714, 717-18 (8th Cir. 1994) (finding failure to notify constituted a breach of explicit terms of policy).

Further, failure to exhaust administrative remedies under ERISA is an affirmative defense. *See Crowell v. Shell Oil Co.*, 541 F.3d 295, 308-09 & nn. 55-58 (5th Cir. 2008) (collecting cases); *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 443-46 (2d Cir. 2006). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and rarely will this involve assessing the sufficiency of defenses. *See Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The burden of establishing an affirmative defense rests with the defendant, and "a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense." *Goodman*, 494 F.3d at 464. There are "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id*.

Ms. Taylor has presented a plausible argument supported by factual allegations that an exception to the exhaustion requirement should apply. Because it is not apparent from the face of the complaint that the affirmative defense of failure to exhaust applies, the motion for a Rule 12(b)(6) dismissal on that basis will be denied. This is, of course, without prejudice to a summary judgment motion, once the facts have become clear.

### 2. Wrongful Denial of Benefits under 29 U.S.C. § 1132 (Claim Nine)

The only argument that the defendants make in support of their motion to dismiss Claim Nine is that Ms. Taylor failed to exhaust her administrative remedies. As discussed above, the

5

failure to exhaust defense is not ripe for resolution, and therefore this claim will not be dismissed under Rule 12(b)(6).

### 3. Wrongful Denial of Benefits under 29 U.S.C. §§ 1109 and 1132(a)(2) (Claim Ten)

The defendants contend that Claim Ten fails as a matter of law because 29 U.S.C. §§ 1109, 1132(a)(2) do not allow an individual plaintiff to sue on her own behalf. (Doc. 35 at 9-10.) The defendants are correct. A plaintiff cannot sue for individual damages under § 1109 or § 1132(a)(2) because the plain language of these provisions indicate that they only allow recovery for losses to the plan itself and do not provide a means of relief for individual beneficiaries. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996); *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 140-144 (1985); *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 334 (4th Cir. 2007); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.*, 102 F.3d 712, 714-715 (4th Cir. 1996). Therefore, Claim Ten will be dismissed.

### 4. Equitable Relief under 29 U.S.C. § 1132(a)(3) (Claim Eleven)

The defendants contend that Claim Eleven should be dismissed because Ms. Taylor failed to pursue administrative remedies. As discussed *supra*, this is not a proper basis for dismissal at this stage.

United Healthcare also moves to dismiss Claim Eleven to the extent that Ms. Taylor seeks statutory penalties under 29 U.S.C. § 1132(c)(1). United Healthcare contends that these penalties only apply to an "administrator," that United Healthcare is not an administrator under 29 U.S.C. § 1002(16), and that the terms of the group policy specifically state that United Healthcare will not be named as plan administrator. (*See* Doc. 1-2 at 12.) United Healthcare is correct that a defendant cannot be held liable for statutory penalties under 29 U.S.C. § 1132(c)(1) unless it is either designated as a plan administrator by the policy itself, or if it is the "plan

6

sponsor." 29 U.S.C. §§ 1002(16), 1132(c)(1). Given that it is undisputed that United Healthcare is not the plan sponsor and is not named as the plan administrator,[1] the part of Claim Eleven seeking statutory penalties against United Healthcare is dismissed.

Otherwise, the defendants have made no other arguments that Claim Eleven should be dismissed. Ms. Taylor's allegations of misrepresentations regarding insurance coverage and the failure to provide notice of insurance cancellation appear to state a claim for equitable relief, and the Supreme Court has recently explicitly recognized a suit for equitable relief against a plan fiduciary under 29 U.S.C. § 1132(a)(3). *CIGNA Corp. v. Amara*, ___ U.S. ___, ___ 131 S. Ct. 1866, 1878-80 (2011); *see also McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 181 (4th Cir. 2012). As a result, the equitable claims in Claim Eleven may proceed.

### 5. Failure to Notify under 29 U.S.C. § 1132(c)(1) (Claim Thirteen)

Section 1132(c)(1) establishes penalties for a plan administrator who fails to notify an insured party of her rights pursuant to 29 U.S.C. § 1166(a)(4) following a qualifying event or fails to comply with requests by the insured party for information required under ERISA. Ms. Taylor alleges that the defendants did not notify her of the cancellation of her coverage and did not provide her with the opportunity to continue her health insurance when it was cancelled. (Doc. 32 at ¶¶ 129-132.) The defendants contend that Claim Thirteen fails as a matter of law because Ms. Taylor did not request that defendants deliver the relevant insurance information and no "qualifying event" occurred or was alleged which required notification pursuant to 29 U.S.C. § 1166(a)(4). (Doc. 35 at 10-12; Doc. 39 at 10-11.)

---

[1] Ms. Taylor has not disputed that the portions of the policy submitted by the defendants are indeed the policy that she references in her complaint and which would apply to her. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir.1999) (holding that a court may consider as part of its review of a 12(b) motion any document, the authenticity of which the plaintiff does not challenge, that is "integral to and explicitly relied on in the complaint").

7

Ms. Taylor states in the Second Amended Complaint that her insurance was cancelled on May 1, 2010, notice was not provided of this cancellation, and as a result she was prevented from taking the necessary steps to secure continuing medical coverage. (Doc. 32 at ¶¶ 28, 30, 32.) Although Ms. Taylor does not specifically allege an applicable qualifying event, she does correctly allege a failure to notify and she does cite the appropriate statute. She includes detailed factual allegations in the complaint which by inference would support her claim. Since filing the Second Amended Complaint, Ms. Taylor has contended in her brief that she has been told the cause of her coverage cancellation was a reduction in the number of hours worked, which appears to be a "qualifying event" under 29 U.S.C. § 1163(2). (Doc. 47 at 5); *see* 29 U.S.C. § 1163(2). Rather than require her to file yet another amended complaint which contains this specific allegation, the Court will allow this claim to go forward on this basis.

### C. Equitable Estoppel under Federal Common law (Claim Twelve)

Claim Twelve is simply a restatement of Ms. Taylor's claim for equitable relief as set forth in Claim Eleven. Further, Claim Twelve goes beyond the scope of the Court's permission to file an amended complaint. For these reasons the motion to dismiss is granted as to this claim.

### II. The Motions to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), Oak Forest, Ardent, Beystone, and Sanstone move to strike Ms. Taylor's claims for punitive damages, other forms of extra-contractual relief, and attorneys' fees, and the request for a jury trial, (Doc. 36), and United Healthcare moves to strike Ms. Taylor's claims for non-ERISA damages and attorneys' fees and the request for a jury trial. (Doc. 40.) The motions to strike will be granted.

Punitive damages and other forms of extra-contractual relief are not authorized under ERISA. *See Russell*, 473 U.S. at 148 ("[T]here is a stark absence—in (ERISA) and in its

legislative history—of any reference to an intention to authorize the recovery of extracontractual damages."); *Freeman v. Blue Cross & Blue Shield of N.C.*, 123 N.C. App. 260, 264, 472 S.E.2d 595, 598 (1996) ("Extracontractual damages, i.e., damages for pain and suffering or emotional distress, and punitive damages are not remedies within the scope of ERISA").

The authority Ms. Taylor cites for the recovery of attorneys' fees, N.C. Gen. Stat. § 75-16.1, is predicated on the violation of N.C. Gen. Stat § 75-1.1, a state law action for unfair and deceptive trade practices. Since Ms. Taylor's claim under N.C. Gen. Stat § 75-1.1 is preempted by ERISA, she cannot recover attorneys' fees under § 75-16.1.

Finally, it has long been the rule in the Fourth Circuit that juries do not generally determine ERISA claims. *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985) ("Courts . . . have almost uniformly held that . . . proceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury.").

It is therefore **ORDERED** that:

1. The motions to dismiss, (Docs. 34, 38), are GRANTED as to Claims 1, 2, 3, 4, 5, 6, 7, 8, 10 and 12.

2. The motions to dismiss, (Docs. 34, 38), are GRANTED as to the part of Claim 11 which seeks statutory penalties against United Healthcare and is otherwise DENIED as to Claim 11.

3. The motions to dismiss, (Docs. 34, 38), are DENIED as to claims 9 and 13.

4. The motions to strike, (Docs. 36, 40), are GRANTED.

This the 22nd day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

9

Case 1:11-cv-00471-CCE-LPA   Document 48   Filed 08/22/13   Page 9 of 9